UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV25-06212 JAK (RAOx) | Date | December 19, 2025 |
| Title | Mohammad Tehrani v. City of Los Angeles et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| D. Torrez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings:**   **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND TO STATE COURT (DKT. 16)**

**I.    Introduction**

On September 16, 2021, Mohammad Tehrani ("Plaintiff" or "Tehrani") brought this action against City of Los Angeles ("City"), Derek Anthony Dale ("Dale") and Does 1–100[1] (collectively, "Defendants") in the Los Angeles Superior Court, asserting claims arising from an alleged assault and wrongful arrest. Dkt. 1-1. On September 19, 2023, the Superior Court clerk entered default against Dale, who had failed to appear in the action. Dkt. 1-36. On June 4, 2025, Plaintiff filed a First Amended Complaint, which is the operative one. Dkt. 1-64. Dale was not served the First Amended Complaint.

The FAC advances the following causes of action:

1. Monell liability - City (42 U.S.C. § 1983);
2. Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(3));
3. Violation of the Bane Act (California Civil Code § 52.1);
4. Battery;
5. False Arrest and False Imprisonment;
6. Intentional Infliction of Emotional Distress;
7. Municipal Vicarious Liability (Ca. Gov't. Code § 815.2);
8. Negligence; and
9. Civil conspiracy.

Dkt. 1-64 ¶¶ 28–99. The First, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action are asserted against the City. The Second, Third, Fourth, Sixth, and Ninth Causes of Action are asserted against Dale.

On July 9, 2025, the City filed a notice of removal on the basis of federal question and supplemental jurisdiction. 28 U.S.C. §§ 1331, 1367(a), 1441, 1446; Dkt. 1. On July 28, 2025, Plaintiff filed a Motion to Remand ("Motion"), arguing that removal was procedurally deficient because not all Defendants

---

[1] Pursuant to Local Rule 19-1, no complaint or petition shall be filed that includes more than ten Doe or fictitiously named parties. Accordingly, Doe Defendants 11 through 100 are dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV25-06212 JAK (RAOx) | Date | December 19, 2025 |
| Title | Mohammad Tehrani v. City of Los Angeles et al. | | |

consented to the removal. Dkt. 16. On August 4, 2025, the City filed an Opposition, Dkt. 17. It argued that, because Dale had not been served with the First Amended Complaint, his consent to removal was not required. Dkt. 17 at 2.

A hearing on the Motion was held on September 8, 2025. For the reasons stated in this Order, the Motion is **DENIED**.

## II. Background

### A. Parties

It is alleged that Plaintiff is an individual of Persian/Iranian origin, who resides in Los Angeles, California. Dkt. 1-64 ¶ 7. It is alleged that the City is a municipality in California. Dkt. 1-64 ¶ 8. It is alleged that the City operates, governs, and controls the Los Angeles Police Department ("LAPD"). Dkt. 1-64 ¶ 8. It is alleged that the City is responsible for the training, supervision, discipline, actions, and omissions of LAPD officers. *Id.* It is alleged that Dale is an individual residing in Los Angeles, California. *Id.* ¶ 9. It is alleged that at the time of the events at issue in this action, Dale was acting was acting as a confidential informant for the LAPD. *Id.*

### B. Allegations

It is alleged that Dale had a history of criminal behavior that was known to the City. Dkt. 1-64 ¶ 16. It is alleged that, on two occasions prior to July 11, 2020, Dale physically assaulted Plaintiff. Dkt. 1-64 ¶ 17. It is alleged that Plaintiff formally reported both incidents to LAPD, but that it failed to undertake any meaningful investigation of, or enforcement action against Dale. Dkt. 1-64 ¶ 17-18.

It is alleged that Plaintiff sought assistance from the LAPD regarding Dale's harassment and attacks in early July 2020. Dkt. 1-64 ¶ 19. It is alleged that LAPD officers arranged to meet with Plaintiff at 2:30 p.m. on July 11, 2020 to discuss Plaintiff's complaints against Dale. Dkt. 1-64 ¶ 19. It is alleged that the scheduled meeting was supposedly confidential, and not to be disclosed to persons other than law enforcement officers and Plaintiff. Dkt. 1-64 ¶ 20.

It is alleged that, shortly before Plaintiff left his apartment for the meeting with LAPD on July 11, 2020, Dale appeared at the bottom of the stairs that Plaintiff would need to use to leave his apartment. Dkt. 1-64 ¶ 22. It is alleged that Dale's friend, Chris Carrillo, was about 30 feet behind Plaintiff, blocking Plaintiff from leaving his location. Dkt. 1-64 ¶ 22. It is alleged that Dale began insulting Plaintiff, calling him a "terrorist" and a "pedophile." Dkt. 1-64 ¶ 22. It is alleged that Dale then physically assaulted Plaintiff. Dkt. 1-64 ¶ 23. It is alleged that when LAPD officers arrived, they arrested Plaintiff, not Dale. Dkt. 1-64 ¶¶ 24, 26-27. It is alleged that, as a result of the July 11, 2020, incident, Plaintiff sustained physical injuries including four broken ribs and experienced emotional distress, trauma, and humiliation. Dkt. 1-64 ¶¶ 24, 27.

## III. Analysis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV25-06212 JAK (RAOx) | Date | December 19, 2025 |
|---|---|---|---|
| Title | Mohammad Tehrani v. City of Los Angeles et al. | | |

### A. Legal Standards

A civil action brought in a state court may be removed by the defendant to a federal court if, at the time of removal, there is original federal jurisdiction over all or certain claims brought in the action. 28 U.S.C. § 1441(a). Original jurisdiction may be established through federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction is present "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1331. Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441.

For removal to be procedurally proper, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 USC § 1446(b)(2)(A). If, however, any of the defendants was not properly served, "their absence from the removal notice d[oes] not render removal defective." *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011). In circumstances in which not all defendants have joined in a removal action, "the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999).

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A motion to remand may raise either a facial or a factual challenge to the jurisdictional allegations made by the defendant in support of removal. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the [jurisdictional] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (quoting *Salter v. Quality Carriers*, 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks omitted). In contrast, a factual attack "contests the truth of the [jurisdictional] factual allegations, usually by introducing evidence outside the pleadings." *Id.* (quoting *Salter*, 974 F.3d at 964 (internal quotation marks omitted)).

In response to a facial attack, the defendant is not required to present evidence in support of removal jurisdiction. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019). Thus, when the moving party does not contest the factual allegations made in the removal notice but instead asserts that those allegations are facially insufficient to show federal jurisdiction, the factual allegations are deemed true and all reasonable inferences are drawn in favor of the removing party. *DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023).

Only upon a factual attack must a defendant support its allegations with competent and admissible evidence that establishes them under the preponderance of the evidence standard. *Leite*, 749 F.3d at 1122; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)) (when removal is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence," whether the elements of removal have been satisfied).

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "If a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV25-06212 JAK (RAOx) | Date | December 19, 2025 |
|---|---|---|---|
| Title | Mohammad Tehrani v. City of Los Angeles et al. | | |

case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't. Remediation, L.L.C. v. Dep't of Health & Env't. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

    B.    Application

        1.    <u>Failure to Meet and Confer</u>

The City contends that Plaintiff's counsel did not contact its counsel prior to filing the Motion, thereby violating the meet and confer requirement of Local Rule 7-3. Dkt. 17 at 2. The City argues that this failure to meet and confer alone warrants the denial of the Motion. *Id*.

When a party fails to comply with Local Rule 7-3, it is within the discretion of the court to decline to consider the motion. *Storms v. Paychex, Inc.*, No. 21-CV-1534, 2022 WL 2160414, at *7 (C.D. Cal. Jan. 14, 2022) (citing *Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, No. 09-CV-2140, 2009 WL 3346784, at *4 (C.D. Cal. Oct. 13, 2009). However, failure to comply with the Local Rule does not *per se* require the denial of a motion, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply. *Storms*, 2022 WL 2160414, at *7 (citing *Brodie v. Bd. of Trs. of Cal. State Univ.*, No. 12-CV-7690 DDP, 2013 WL 4536242, at *1 (C.D. Cal. Aug. 27, 2013) (hearing merits of motion despite Rule 7-3 violation because the party "suffered no real prejudice"). There is no evidence that the City has suffered prejudice as a result of the Plaintiff's failure to contact the City prior to filing the Motion. Accordingly, the Court exercises its discretion to consider the Motion on the merits notwithstanding Plaintiff's non-compliance with L.R. 7-3.

        2.    <u>Whether the Removal Complied with the Applicable Requirements</u>

Plaintiff does not dispute that there is federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Instead, Plaintiff contends that removal was improper because the consent or joinder of Dale, who is one of the Defendants, has not been shown. Dkt. 16 at 3. Dale was properly served with the initial complaint in the state court action but did not join in or consent to the notice of removal. *See* Dkt. 1. Therefore, Plaintiff argues, removal was improper because all defendants "properly joined and served must join in or consent to the removal." 28 U.S.C. § 1446(b)(2)(A).

The City responds that Dale's consent was not required for removal, because he was not properly served with the First Amended Complaint, which is the operative complaint in the state court action. Dkt. 17 at 2. The City argues that the First Amended Complaint "extinguished" the initial complaint, so when Plaintiff did not serve Dale with the First Amended Complaint, the state court no longer had jurisdiction over Dale in the action. Dkt. 17 at 3. In support of this position, the City cites *Hayes v. Risk*, 64 Cal. Rptr. 36 (Ct. App. 1967). There, the plaintiff served a defendant with an initial complaint but could not locate the defendant and serve an amended complaint. The trial court entered default judgment against that defendant based on the amended complaint notwithstanding that it had not been served on the defendant. *Hayes* reversed the decision by the trial court on the ground that an amended complaint "supersedes the original and furnishes the sole basis for the cause of action." *Id.* at 43. Therefore, judgment "must rest upon the sufficiency and the validity of the service of the summons issued on" the amended complaint. *Id.* The City's argument is persuasive. The requirements of service

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV25-06212 JAK (RAOx) | Date | December 19, 2025 |
|---|---|---|---|
| Title | Mohammad Tehrani v. City of Los Angeles et al. | | |

of the First Amended Complaint were subject to California law because the case was then pending in the Superior Court. Because Dale was not served with it, his consent to removal is unnecessary.

*Cuen v. Tucker*, No. 09-CV-1904, 2009 WL 4049151 (S.D. Cal. Nov. 20, 2009), reached the same conclusion. There, Plaintiffs filed an action in a California Superior Court against several defendants, alleging state law causes of action. *Id.* at *1. After two defendants did not timely respond to the complaint, the superior court entered their defaults. *Id*. Thereafter, Plaintiff filed a Second Amended Complaint, which alleged certain new claims, and removed others that had been alleged in the initial complaint. Plaintiff then filed a Third Amended Complaint, which added a claim arising under federal law. *Id*. at 2. The Third Amended Complaint was not served on the defendants whose defaults had previously been entered. *Id*. The defendants who had been served with the Third Amended Complaint removed the action. *Id*. The plaintiffs moved to remand on the basis that not all defendants had consented to removal. *Id*. *Cuen* held that the defendants not served with the Third Amended Complaint were "not required to consent to the removal" because it was "the Third Amended Complaint that gave rise to the removal." *Id*.

The facts here are the same. The First Amended Complaint alleged claims arising under federal law for the first time in the state court proceedings. It was not served on Dale. Accordingly, his consent to removal was not required because he was not put on notice of the federal causes of action or the basis for potential removal.

   3. <u>Supplemental Jurisdiction</u>

The exercise of supplemental jurisdiction as to causes of action three through nine, which arise under California law, is appropriate. Thus, those claims are "so related" to the causes of action that arise under federal law "that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a); *see also* 28 U.S.C. § 1441(a); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a common nucleus of operative fact with the federal claims and the state and federal claims would normally be tried together."). Further, Plaintiff has not contested the propriety of exercising supplemental jurisdiction over these claims. *See* Dkt. 16.

   4. <u>Request for Attorney's Fees and Costs</u>

Because the Motion has been denied, there is no basis for an award of fees and costs to Plaintiff. *See Martinez* v. *General Motors LLC.*, No. 25-CV-07208, 2025 WL 2926885, at *9 (C.D. Cal. Oct. 15, 2025) ("28 U.S.C. § 1447(c) only authorizes an award of fees and costs where a court grants a motion to remand."). Therefore, Plaintiffs' request for an award of attorneys' fees and costs is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV25-06212 JAK (RAOx) | Date | December 19, 2025 |
|---|---|---|---|
| Title | Mohammad Tehrani v. City of Los Angeles et al. | | |

### IV.     Conclusion

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

                                                                                                                                                                    :

Initials of Preparer      LC1